**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| *In re MedStar Health Data Security Incident* | Case No. 1:24-cv-01335-BAH |
| | CLASS ACTION |

**ORDER**
**GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' unopposed motion requesting that the Court enter an Order granting final approval of the class action Settlement as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and the motion for final approval of the settlement, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Approval Order and Judgment ("Final Approval Order").

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement,

**THE COURT** makes the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ON THIS** __4th__ , day of __November__, 2025,

**ORDERED** that:

1.      The Settlement involves allegations in Plaintiffs' Class Action Complaint that Defendant failed to safeguard and protect the personally identifiable information of its current

and former patients and that this alleged failure caused injuries to Plaintiffs and the Class.

2.      The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3.      Unless otherwise noted, words spelled in this Final Approval Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4.      On June 16, 2025, the Court entered an Order which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the class, appointed Plaintiffs as the Settlement Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing.

5.      In the Order Granting the Motion for Preliminary Approval of Class Settlement Agreement, pursuant to Rule 23(b)(3) and 23(e), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All persons residing in the United States whom Defendant identified as having Personal Information at issue in the Data Incident. Excluded from the Settlement Class are (a) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (b) all persons who are directors or officers of Defendant; (c) governmental entities; (d) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

6.      The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Rule 23(e), grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that

the settlement is fair, reasonable, and adequate and meets the requirements of Rule 23.

7.    The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a.    A process for Settlement Class Members to submit claims for compensation that will be evaluated by the Settlement Claims Administrator; and

b.    A process for Settlement Class Members to submit claims for Identity Theft Monitoring Services.

8.    The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court.  The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and the terms of the Settlement Agreement.

9.    Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

10.    The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).

11.    As of the final date of the Opt-Out Period, four potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. The persons who have opted-out of the Settlement are listed below in Exhibit A. All members of the Settlement Class, other than the four individuals who have opted-out of the Settlement and are listed in Exhibit A, are bound by this Final Approval Order.

12.    As of the final date of the Objection Period, no potential Settlement Class Members have submitted a valid objection.

13.    The Maryland Bar Foundation, Inc. is designated as the *cy pres* recipient. In the event there are funds remaining in the Settlement Fund 20 days following the 180-day period to cash checks, the Settlement Administrator shall distribute the remaining funds to the Maryland Bar Foundation, Inc.

14.    The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15.    The Court grants Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards, filed at ECF No. 36. Settlement Class Counsel are awarded $450,000.00 in attorneys' fees and $14,261.31 for reimbursement of litigation expenses to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Plaintiffs are each awarded $2,500.00 for their service to the Settlement Class to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

16.    Pursuant to the Settlement Agreement, Defendant, Plaintiffs, and the Claims Administrator shall implement the Settlement in the manner and time frame as set forth therein.

17.    Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendant and all Released Persons, as defined in the Settlement Agreement, as follows:

> "Released Claims" means any and all actual, potential, filed or unfiled, known or unknown (including Unknown Claims), fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys'

fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act arising out of or relating to the Data Incident, the operative facts alleged in the Action, including the complaints filed by the Plaintiffs in the Action and Related Actions and any amendments thereto, Defendant's information security policies and practices, or Defendants' maintenance or storage of Personal Information, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.

"Released Parties" means Defendant, Defendant's subsidiaries, affiliated and/or related companies, and each entity which is controlled by, controlling or under common ownership or control with Defendant, and each of the their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees. It is understood that to the extent a Released Party is not a party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

"Releasing Parties" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, receivers, agents, attorneys, accountants, financial and other advisors, spouses, and any other representatives of any of these persons and entities.

The Released Claims include the release of Unknown Claims. "Unknown Claims" means any of the Released Claims that could have been raised in the Action and that any of the Releasing Parties do not know to exist or suspect to exist, which, if known by them, might affect their agreement to release Defendant and all other Released Parties, or might affect their decision whether to agree, object, or participate in the Settlement. Plaintiffs (on behalf of themselves and each Settlement Class Member) may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and all other Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims.

18.	Upon the Effective Date, the Plaintiffs expressly shall have, and all other Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, expressly waived and relinquished for the Released Claims, to the fullest extent permitted

5

by law, the provisions, rights and benefits of California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

19.    Upon the Effective Date the Plaintiffs expressly shall have, and all other Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have waived for the Released Claims any and all provisions, rights and benefits conferred by any law of any state or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

20.    Upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in, any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims are asserted.

21.    This Final Approval Order and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant

of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Approval Order, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order that are maintained by, or on behalf of, Plaintiffs, any Settlement Class Member, or any other Releasing Persons subject to the provisions of this Final Approval Order.

22. The matter is hereby dismissed with prejudice except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

23. In accordance with Rule 23, this Final Approval Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final

judgment in this matter.

Done and ordered this 4th day of November, 2025.

/s/

Hon. Brendan A. Hurson
United States District Judge

8

## EXHIBIT A

1.  R. BROOKS

2.  M. KUHNS

3.  W. WILLIAMS

4.  P. MCCLANAHON